**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**
**ASHLAND DIVISION**
Case No. _____

LLOYD McCARTY
and
BETH McCARTY,
Husband and Wife,

    *Plaintiffs,*

       v.                                    <u>**COMPLAINT**</u>

                               Plaintiffs Demand
ARCH WOOD PROTECTION, INC.;              Trial by Jury
OSMOSE INC.;
CHEMICAL SPECIALTIES, INC.;
KOPPERS, INC.;
LANGDALE FOREST PRODUCTS COMPANY; and
T.R. MILLER MILL COMPANY, INC.

    *Defendants*.

Come the Plaintiffs, Lloyd McCarty and Beth McCarty, husband and wife, and for their causes of action against the Defendants, Arch Wood Protection, Inc.; Osmose, Inc.; Chemical Specialties, Inc.; Koppers, Inc.; Langdale Forest Products Company; and T.R. Miller Company, Inc., with their Complaint, and respectfully state the following in support of causes of action against the Defendants:

1.    The Plaintiffs, Lloyd McCarty and his wife, Beth McCarty, reside at 4510 Cannonsburg Road, Catlettsburg, Boyd County, Kentucky.

2.    The following companies manufactured the arsenic-based

pesticide known as Chromated Copper Arsenate (CCA), which is used as a preservative to treat the utility poles and cross-arms:

a.   The Defendant Arch Wood Protection, Inc. ("Arch") which is headquartered at 5660 New Northside Dr., Suite 1100, Atlanta, Georgia 30328.

b.   The Defendant Osmose Inc. ("Osmose") which is headquartered at 980 Ellicott Street, Buffalo, New York 14209.

c.   The Defendant Chemical Specialties, Inc. ("CSI") which is headquartered at 5910 Pharr Mill, Road Harrisburg, North Carolina 28075.

3.   During the time period of approximately 1985 to 2010, the following wood treating companies purchased the CCA preservative from Arch, Osmose and CSI to treat utility poles and cross-arms, which were sold to Plaintiff Lloyd McCarty's employer, Kentucky Power Company ("Kentucky Power") in Ashland, Kentucky:

a.   The Defendant Koppers, Inc. ("Koppers") which is headquartered at 436 Seventh Avenue, Pittsburgh, Pennsylvania 15219.

b.   The Defendant Langdale Forest Products Company ("Langdale") which is headquartered at 1202 Madison Highway, P.O. Box 1088, Valdosta, Georgia

2

31603.

    c.    The Defendant T.R. Miller Mill Company, Inc. ("T.R. Miller") which is headquartered at P.O. Box 708, Brewton, Alabama 36427.

4.    The arsenic used to treat the CCA treated poles and cross-arms is toxic and a biocide. It is also oncogenic and a proven human carcinogen. The chromium is toxic and a sensitizer. The copper can enhance the toxic effects of arsenic.

5.    Plaintiff Lloyd McCarty was poisoned by exposure to chromium, copper, and arsenic on and in CCA treated utility poles and cross-arms while employed by Kentucky Power.

6.    Mr. McCarty worked for Kentucky Power on the line crew as a pole climber and a supervisor from 1989 to October 25, 2010, when illness forced him to take leave from work.

7.    Mr. McCarty was exposed to arsenic, chromium, and copper on and in CCA treated wood for twenty-one (21) years by handling, sawing, and drilling the CCA treated wood as a part of his employment. Mr. McCarty used chainsaws to saw the CCA treated wood. Mr. McCarty used electric, gas-powered, and pneumatic drills to drill the CCA treated wood. In addition,

3

Mr. McCarty was exposed to arsenic, chromium, and copper as a result of fighting and extinguishing approximately 200 fires on CCA treated utility poles as part of his employment.

8.   On February 22, 2011, Mr. McCarty was diagnosed with adverse health effects consistent with exposure to arsenic from CCA treated wood.  These health effects included: weight loss, headaches, chest pain, hair loss, epistaxis, chronic nosebleeds, chronic sinusitis resulting in surgery to remove polyps, shortness of breath, nausea, diarrhea, blood in urine, numbness of fingertips and ears, irregular heartbeat, cardiac catheterization, elevated liver and kidney enzymes, excessive fatigue and the removal of part of his left lung due to nodules that were located by a Positron Emission Tomography (PET) scan.

9.   On March 7, 2011, based on a reasonable degree of medical certainty, Mr. McCarty was diagnosed with adverse health effects caused by exposure to arsenic from the CCA treated wood.  These health effects included: eye pain, rash, irregular heartbeat with heart catheterization, leg cramps, polypoid masses in the far posterior nasal pharynx on the right with suggestion of small polyp on the left, chest pain,

4

chronic bronchitis, unintentional weight loss of 41 pounds, hair loss, epistaxis, sweating, activity change, appetite change, fatigue, nosebleeds, sinus problems, cough, chest tightness, shortness of breath, blood in stool, myalgia, dizziness, headaches, lymphocytic infiltration consistent with nodular lymphoid hyperplasia, and removal of part of his left lung. The March 7, 2011 diagnosis included the medical history of Mr. McCarty that showed elevated levels of inorganic arsenic in urine on January 18, 2011, sinus surgery in 1999, and open lung biopsies and mediastinoscopy in 2010.

10. The chemical manufacturers, Arch, Osmose and CSI, sold the arsenic-based pesticide to the wood treaters, Koppers, Langdale and T.R. Miller, which treated the utility poles and cross-arms with the CCA preservative. The wood treaters then sold the CCA treated utility poles and cross-arms to Kentucky Power.

11. The Defendants, at all times relevant to Plaintiffs' claims, knew, or should have known, that warnings were necessary to protect Plaintiff Lloyd McCarty from the hazards of exposure to arsenic, chromium, and copper in the CCA preservative used to treat the utility

poles and cross-arms.

12. The Defendants, at all times relevant to Plaintiffs' claims, knew, or should have known, that CCA treated utility poles burn for long periods of time due to a phenomena referred to as "afterglow".

13. The Defendants, at all times relevant to Plaintiffs' claims, knew, or should have known, that warnings were necessary to protect Lloyd McCarty from the hazards of exposure to arsenic, chromium, and copper in the CCA preservative used to treat the poles and cross-arms, which is released by handling, sawing, drilling and burning.

14. The Defendants, at all times relevant to Plaintiffs' claims, knew, or should have known, that permanent warnings of the hazards of exposure to arsenic could be easily affixed to the CCA treated utility poles and cross-arms.

15. The Defendants negligently, willfully, and with reckless disregard for the health and safety of Plaintiff Lloyd McCarty, failed to affix permanent warnings on the CCA treated utility poles and cross-arms that described the nature and extent of the proven hazards of exposure to the arsenic which the Defendants knew, or should have known, was toxic and

carcinogenic.

16.   There were no warnings on the CCA treated utility
      poles or cross-arms which described the nature and
      extent of the health hazards caused by exposure to
      arsenic, chromium, and copper resulting from sawing,
      drilling, handling, and the burning of the CCA treated
      utility poles.

17.   Arsenic is in the CCA treated utility poles and cross-
      arms.

18.   When the CCA treated utility poles were delivered to
      Kentucky Power, the poles were wet, which made the
      poles easier to climb and drill.  The Defendants knew
      that particular warnings were necessary for the
      hazards of exposure to arsenic in which the fixation
      of the arsenic on and in the wood had not taken place.

19.   Each of the Defendants knew, or should have known, a
      warning label is and was necessary to inform users of
      CCA treated utility poles that arsenic is both on and
      in the CCA treated utility poles and cross-arms.

20.   The failure of the Defendants to put a permanent
      warning label on the CCA treated utility poles,
      including the universal symbol of a "Skull and
      Crossbones" with the words "DANGER" and "POISON,"
      knowing utility workers were at risk, is and was a

direct and proximate cause of the toxic effects caused by Mr. McCarty's exposure to arsenic, chromium, and copper on and in the CCA treated wood.

## COUNT I

### PRODUCTS LIABILITY

21. Plaintiffs incorporate each and every allegation contained in Paragraphs "1" through "20," including the subparts, by reference.

22. The wood treaters, Koppers, Langdale and T.R. Miller, purchased the CCA preservative that they used to treat the CCA treated utility poles and cross-arms from the chemical manufacturers, Arch, Osmose and CSI.

23. The CCA treated utility poles and cross-arms were defective and unreasonably dangerous in the following manner:

a.   Defendants failed to permanently label the CCA treated utility poles and cross-arms to give reasonable warnings about the nature and extent of the hazards of exposure to CCA on and in the CCA treated utility poles and cross-arms; or

b.   Defendants failed to give reasonably complete instructions on the proper use of the product; and

    c.   Defendants could have made such permanent warning labels or instructions available to Plaintiff Lloyd McCarty because Defendants knew or should have known the nature and extent of the hazards presented by arsenic, chromium, and copper on and in the CCA treated utility poles and cross-arms.

24.   As a direct and proximate result of Defendants' defective and unreasonably dangerous product, Mr. McCarty was poisoned by the arsenic, chromium and copper on and in CCA utility poles and cross-arms by using, handling, sawing and drilling the CCA treated wood, and by extinguishing CCA treated utility pole fires.

**COUNT II**

**LOSS OF CONSORTIUM**

25.   Plaintiffs incorporate each and every allegation contained in paragraphs "1" through "24," including the subparts, by reference.

26.   Plaintiff, Beth McCarty, individually, is the wife of Plaintiff Lloyd McCarty.

27.   That by reason of Plaintiff Lloyd McCarty's injuries, Plaintiff Beth McCarty suffered a deprivation of the benefits of the relationship with, and services of,

her husband as a direct and proximate result of the Defendants' defective and unreasonably dangerous product.

## COUNT III

### PUNITIVE DAMAGES

28. Plaintiffs incorporate each and every allegation contained in paragraphs "1" through "27," including the subparts, by reference.

29. To conceal the hazards and to enhance sales of CCA treated utility poles and cross arms, Arch, Osmose and CSI acted in concert to prevent warning labels from being affixed to the CCA treated utility poles and cross-arms, knowing that the warning labels on CCA treated utility poles and cross arms were necessary to safeguard utility workers, including Lloyd McCarty, from the proven hazards of exposure to arsenic on and in the CCA treated wood.

30. The acts and omissions of the separate Defendants Arch, Osmose and CSI demonstrate a reckless and willful pattern of wanton and depraved indifference to the likelihood of harm to utility pole workers, including Mr. McCarty, as a result of the known health hazards presented by exposure to arsenic on and in the

CCA treated utility poles and cross-arms.

31. The acts and omissions of the Defendants Arch, Osmose and CSI in failing to put warning labels on the CCA treated utility poles and cross-arms as described, *supra*, demonstrate a high degree of moral turpitude warranting the imposition of punitive damages.

WHEREFORE, Lloyd McCarty and Beth McCarty request judgment against Defendants for damages from bodily injury, loss of services, and rights arising from such injuries including, but not limited to:

a. Adverse health effects caused by Mr. McCarty's exposure to the CCA on and in the CCA utility poles and cross arms;

b. Past, present and future:

   i. Medical expenses;

   ii. Lost income and earning capacity; and

   iii. Physical pain and mental suffering suffered by Mr. McCarty.

c. Loss of body function suffered by Mr. McCarty;

d. Loss of consortium suffered by Mrs. McCarty;

e. Punitive damages against the separate Defendants Arch, Osmose and CSI;

f. Trial by jury of all claims properly so triable; and

g. All other just and proper relief in the premises.

Signed at Louisville, Kentucky this 12th day of October, 2011.

s/ *Richard L. Masters*
Richard L. Masters
Attorney for Plaintiffs
MASTERS, MULLINS & ARRINGTON
1012 South Fourth Street
Louisville, Kentucky 40203
502.582.2900
502.587.0931 (fax)
lawsaver @aol.com