UNITED STATES DISTRICT COURT
EASTERN DISTRICT IF KENTUCKY
NORTHERN DIVISION
at ASHLAND

Civil Action No. 11-109-HRW

LLOYD McCARTY
and
BETH McCARTY,                                            PLAINTIFFS,

v.                          MEMORANDUM OPINION AND ORDER


ARCH WOOD PROTECTION, INC., *et al.*,                    DEFENDANTS.

This matter is before the Court upon  Defendants' Arch Wood Protection,

Inc., Chemical Specialties, Inc. and Osmose, Inc. Motion to Dismiss [Docket No.

22].   For the reasons stated herein, the Court finds that, at this juncture, dismissal

is not warranted.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Llyod McCarty was employed by Kentucky Electric Power on its

line crew from 1989 until October 2010.  During his employment Mr. McCarty

worked on and with utility poles and cross-arms which had been treated with the

liquid wood preservative Chromated Copper Arsenate ("CCA").

In March 2011, he was diagnosed with myriad health problems, which

culminated in the surgical removal of his left lung. Plaintiffs claim that Mr.

McCarty's health problems were caused by his exposure to the arsenic in the CCA

during his employment at Kentucky Electric Power.

Plaintiffs filed the instant lawsuit against Arch Wood Protection, Inc., Osmose, Inc., Chemical Specialities, Inc., Koppers, Inc., Langdale Forest Products, Inc. and T.R. Miller Company, Inc., alleging that these entities had a duty to warn Mr. McCarty of the dangers of CCA but failed to do so.  Plaintiff Beth McCarty alleges loss of consortium.

In their Complaint, Plaintiffs identify Arch Wood Protection, Inc., Osmose, Inc. and Chemical Specialities, Inc. as the manufacturers of CCA who sold the CCA to Koppers, Inc., Langdale Forest Products, Inc. and T.R. Miller Mill Company, Inc. who, in turn, used the CCA to treat wooden utility poles which were, ultimately, sold to Kentucky Electric Power.

The specific allegations in the Complaint are:

> The Defendants negligently, willfully and with reckless disregard for the health and safety of Plaintiff Lloyd McCarty, failed to affix permanent warnings on the CCA treated utility poles and cross-arms that described the nature and extent of the proven hazards of exposure to the arsenic which the Defendants knew, or should have known, was toxic and carcinogenic. [Docket No. 1,Complaint at ¶ 15].
>
> There were no warnings on the CCA treated utility poles or cross-arms which described the nature and extent of the health hazards caused by exposure to arsenic, chromium, and copper resulting from sawing, drilling, handling, and the burning of CCA treated utility poles.

2

[Docket No. 1,Complaint at ¶ 16].

The failure of the Defendants to put a permanent warning label on the CCA treated utility poles, including the universal symbol of a "Skull and Crossbones" with the words "DANGER" and "POISON," knowing utility workers were at risk, is and was a direct and proximate cause of the toxic effects caused by Mr. McCarty's exposure to arsenic, chromium, and copper on and in the CCA treated wood. [Docket No. 1,Complaint at ¶ 20].

The CCA treated utility poles and cross-arms were defective and unreasonably dangerous in the following manner: (a) Defendants failed to permanently label the CCA treated utility poles and cross-arms to give reasonable warnings about the nature and extent of the hazards of exposure to CCA on and in the CCA treated utility poles and cross-arms; or (b) Defendant give reasonably complete instructions on the proper use of the product; and (c) Defendants could have made such permanent warning labels or instructions available to Plaintiff Lloyd McCarty because Defendants knew or should have known the nature and extent of the hazards presented by arsenic, chromium, and copper on and in the CCA treated utility poles and cross-arms. [Docket No. 1,Complaint at ¶ 23].

Defendants Arch Wood Protection, Inc., Osmose, Inc. and Chemical Specialities, Inc. seek dismissal of all claims against them.

## II.   STANDARD OF REVIEW

In assessing a motion brought pursuant to Rule 12(b)(6), the Court must presume all well-pleaded factual allegations in the complaint to be true and draw

all reasonable inferences from those allegations in favor of the non-moving party.

*Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir.1993).  Although "a complaint need

not contain 'detailed' factual allegations, its '[f]actual allegations must be enough

to raise a right to relief above the speculative level on the assumption that all the

allegations in the complaint are true.' " *Ass'n of Cleveland Fire Fighters v.*

*Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. Sept.25, 2007) (citations omitted).

The Court will sustain a motion to dismiss pursuant to Rule 12(b)(6) only in

cases where there are simply not "enough facts to state a claim to relief that is

plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569  (2007).

## III.   ANALYSIS

Defendants Arch Wood Protection, Inc., Osmose, Inc. and Chemical

Specialities, Inc. argue that, as the manufacturers of CCA, they are not liable to an

ultimate user of products treated with CCA under a failure to warn theory of

liability.  Although Defendants concede there is no Kentucky jurisprudence that

directly addresses the issue of the nature, scope and extent of a chemical supplier's

duty to warn where the chemical supplier's products are used as an ingredient or

are incorporated by a manufacturer into a finished product,   they rely upon

*Worldwide Equipment, Inc. v. Mullins*, 11 S.W.3d 50 (Ky. App. 1999) in seeking

dismissal. In *Mullins*, the Kentucky Court of Appeals held that the manufacturer of cab-chassis, a component part subsequently incorporated by final-stage manufacturer into coal dump truck, could not be held strictly liable for failure to warn of dangers associated with subsequent modifications of cab-chassis, in suit for death and injuries caused in collision with dump truck, where jury did not find cab-chassis defective or unreasonably dangerous

In doing so, the *Mullins* Court relied, in part, upon the Sixth Circuit decision in *Childress v. Gresen Mfg. Co.*, 888 F.2d 45, 49 (6th Cir. 1989), which found that "a component part supplier has no duty, independent of the completed product manufacturer, to analyze the design of the completed product which incorporates its non-defective component part."

Defendants urge that the *Mullins* analysis controls and that they did not have a duty to warn Plaintiffs of the dangers posed by the CCA.

The Court is not persuaded. *Mullins* limits a manufacturer's's liability in situations where its product, which was not defective in and of itself, was incorporated into a larger product which was, ultimately, defective in some way. Whereas, in this case, it is not the final product which Plaintiffs claim is the cause of their damages, it is component itself - the CCA. Plaintiffs argue that it is not a

benign component, but, rather, a hazardous material in and of itself.  As such, *Mullins* is not dispositive.

Moreover, although of concern in *Mullins,* the practicalities of imposing a duty to warn upon the manufacturer of a component part of a product which has been fashioned in several stages are of no moment in this case.  Indeed, as this Court noted in discussing the burdens of requiring a manufacture to monitor the multitude of end-uses, "[s]o long as the component part is not defective when sold by its manufacturer, no duty to warn can attach to the manufacturer." *Waterfill v. Nat'l Molding Co.*, No. 04-CV-429-KSF, 2006 WL 516840 at *2 (E.D. Ky. Mar. 2, 2006)

Further, without the benefit of discovery, the dangers of CCA are alleged, but have not been established at this point in the proceedings.  However, the Court finds Plaintiffs' claims are not implausible.  Plaintiffs' Complaint passes the *Twombly*-test.  They have  put forth "enough facts to raise a reasonable expectation that discovery will reveal evidence of [the requisite elements of his claim]."

## IV.    CONCLUSION

This is not to say that Plaintiffs will, ultimately, prevail.   However,

dismissal, at this juncture, would be premature. Accordingly, **IT IS HEREBY**

**ORDERED** that Defendants' Arch Wood Protection, Inc., Chemical Specialties,

Inc. and Osmose, Inc. Motion to Dismiss [Docket No. 22] be **OVERRULED**.

This is an INTERLOCUTORY and NON- APPEALABLE ORDER.

This 14<sup>th</sup>day of June 2012.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge